UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Avazian, Gevorg A070917333,<br><br>        Plaintiff,<br><br>  v.<br><br>Rand BEERS, Acting Secretary of Department of Homeland Security; Alejandro MAYORKAS, Director, U.S. Citizenship and Immigration Services; Mari-Carmen JORDAN, Director, U.S. Citizenship and Immigration Services Sacramento Office; and Michael C. BIGGS, Field Officer Director, USCIS, Sacramento Office,<br><br>        Defendants. | No. 2:13-cv-02589-GEB-AC<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

        The December 13, 2013, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on March 3, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The March 3, 2013 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than March 7, 2014, why

1

sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June 9, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.[2]

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants with process within the 120 day period prescribed in that Rule may result in any unserved defendant(s) or this action being dismissed. To avoid dismissal, on or before April 14, 2014, Plaintiff shall file proof of service for each defendant or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: February 26, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain thecooperation of the other party or parties.

2