UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Avazian, Gevorg A070917333,<br><br>        Plaintiff,<br><br>  v.<br><br>Rand BEERS, Acting Secretary of Department of Homeland Security; Alejandro MAYORKAS, Director, U.S. Citizenship and Immigration Services; Mari-Carmen JORDAN, Director, U.S. Citizenship and Immigration Services Sacramento Office; and Michael C. BIGGS, Field Officer Director, USCIS, Sacramento Office,<br><br>        Defendants. | No. 2:13-cv-02589-GEB-AC<br><br>**ORDER RE MONETARY SANCTION** |

      An Order Imposing Monetary Sanctions filed March 21, 2014, sanctioned Plaintiff's attorney, Douglas Lehrman five hundred dollars for failing to timely file a status report. (Order Imposing Monetary Sanctions, ECF No. 5.) The docket reflects that Mr. Lehrman timely paid the monetary sanction as ordered. Mr. Lehrman also failed to timely respond to the OSC involved with the sanction, and indicates in his untimely

1

response to the OSC and sanction, that he is not personally responsible for understanding applicable rules of practice in this court.

His late response was filed on March 27, 2014, in a filing that essentially seeks reconsideration of the Court's monetary sanctions order, and assumes he could have an expedited hearing scheduled, even though he is the sole blame for the sanction he received. Mr. Lehrman's request for an expedited hearing is not justified and is denied.

In support of the request for reconsideration, Mr. Lehrman avers:

> This case was the first time since 2008 that Counsel had used the Pacer e-mailing account and mistakes resulted due to having an inactive password and errors which resulted in our failure to receive complete notices in this case. Counsel's failure to reply was due to . . . mistakes in accessing documents contained in our office's Pacer electronic filing account. These mistakes resulted in counsel's failure to calendar the date of the Pretrial Conference Statement that was due 14 days prior to the conference and to Respond to the Court's Order to Show Cause. . . .
>
> . . . .
>
> Counsel is humbly requesting his Honor to waive or lower sanctions on counsel due to his mistake and inadvertence in not responding to the electronic notices properly. It was not intentional nor in blatant disregard or respect for this court . . . .
>
> I will strive to master the electronic filing requirements and timely respond to all deadlines ordered by the court. I have not been sanctioned by this court nor any other court in my 32 years of practice.

2

> For the foregoing reasons, Counsel urges your Honor to grant his request that monetary sanctions be dismissed against Counsel and forgive his failure to respond on a timely basis . . . .

(Pl.'s Mot. to Dismiss Monetary Sanctions 2:10-4:4.)

In essence, Plaintiff's counsel's excuse for failing to timely file a status report, and for his untimely response to the OSC, is his and his staff's lack of familiarity with the Court's Electronic Case Filing ("ECF") system. "The fact that [Plaintiff's counsel's use of the Court's ECF System] is rare or infrequent, however, is no excuse . . . ." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

> [An] attorney practicing law in [this] court [is expected] to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in [this court] . . . to secure and study . . . the local rules of this [court] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

Id. Since 2005, "all cases filed and pending in the Eastern District of California [have been] subject to electronic filing [and] service." (Form Pet. by Att'y for Admis. to E. Dist. of Cal.) To practice in the Eastern District of California, Plaintiff's counsel was required to register for use of the Court's ECF system. (Id.) In registering for ECF usage, attorneys are instructed to "periodically access the[ Local Rules] and [CM/ECF User's Manual] in order to understand electronic filing

3

requirements." (Id.)

Further, although "[i]t is certainly understandable that attorneys frequently choose to delegate [the filing of documents and calendaring of deadlines] to paralegals or other associates, . . . it should never be forgotten that the attorney of record is ultimately responsible for [those tasks]." Dela Rosa, 136 F.3d at 1244.

"The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure" that have been "carefully developed and adopted." Id.

> Rules are rules-and the parties must play by them. . . . [A] district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.

Legault v. Zambarano, 105 F.3d 24, 29 (1st Cir. 1997) (quoting Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)) (internal quotation marks omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because "the date 'slipped by him'").

Although Plaintiff's counsel's and his staff's unfamiliarity with the Court's ECF system does not excuse Plaintiff's counsel's referenced failures, the Court will not impose a sanction this time in light of the nature of Mr. Lehrman's assurances that this mishap will not happen again.

Therefore, the Clerk's Office shall return to Plaintiff's counsel's his payment of five hundred dollars.

Dated:  March 28, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge