UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gevorg Avazian, | No. 2:13-cv-02589-KJM |
| Plaintiff, | ORDER |
| v. | |
| Rand Beers, Acting Secretary of the Department of Homeland Security, Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services; Mari-Carmen Jordan, Director, U.S. Citizenship and Immigration Services, Sacramento Office, and Michael C. Biggs, Field Officer Director, U.S. Citizenship and Immigration Services, Sacramento Office. | |
| Defendant. | |

Defendants request this case be dismissed under Federal Rule of Civil Procedure 12(b)(1), arguing the requested remedy has already been provided to plaintiff, mooting his claim. *See* Mot., ECF No. 29.  The motion is unopposed.

On December 13, 2013, Mr. Avazian[1] filed his complaint, requesting a writ of mandamus compelling adjudication of his request for a hearing on a decision in naturalization proceedings, otherwise referenced as an N-336.  *See* Compl. at 1–2, ECF No. 1.  On May 19, 2016, the parties

---

[1] At certain places in the record plaintiff's last name is spelled Aivazian. *See, e.g.*, Compl. ¶ 15 *passim*; Mot. Ex. A, ECF No. 29-1 at 1.

1

1 filed a joint motion requesting the case be held in abeyance, pending the result of removal
2 proceedings against Mr. Avazian. *See* Jt. Stip. re Abeyance, ECF No. 18. The court approved the
3 stipulation. ECF No. 19. The parties continued to stipulate to extensions, which the court
4 granted for good cause. Most recently, on May 19, 2020, the court granted a further extension
5 request due to the suspension of immigration proceedings during the COVID-19 pandemic. *See*
6 ECF Nos. 27, 28. This latest extension is set to expire February 20, 2021. *Id.* On September 17,
7 2020, defendants filed this motion requesting dismissal, attaching a decision regarding Mr.
8 Avazian's N-336, dated April 28, 2014. Mot. at 1 & Ex. A, ECF No. 29-1.

9     Federal courts may only resolve cases and controversies. U.S. CONST. art. III, § 2, cl. 1;
10 *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Because of this limited jurisdiction, cases lie outside
11 the jurisdiction of the court unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*,
12 511 U.S. 375, 377 (1994). There are a number of "doctrines that cluster about Article III,"
13 including standing and mootness, which may support a challenge to subject matter jurisdiction
14 raised by either party or *sua sponte* by the court. *Allen v. Wright*, 468 U.S. 737, 750 (1984)
15 (quotations and citation omitted); Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack
16 may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation
17 omitted). Here, defendants mount a facial attack, challenging the complaint on its face as lacking
18 federal jurisdiction. In a facial attack, allegations in the complaint are taken as true and construed
19 in the light most favorable to a plaintiff. *Id*.

20     Mootness is triggered when the injury giving rise to the case no longer exists. *Powell v.*
21 *McCormack*, 395 U.S. 486, 496 (1969). A claim becomes moot when "interim relief or events
22 have completely and irrevocably eradicated the effects of the alleged violation" at issue. *Los*
23 *Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979).

24     Here, plaintiff's complaint sought a writ of mandamus to "[c]ompel [d]efendants to
25 perform their duty or duties to complete processing, including but not limited to, adjudication of
26 Mr. Avazian's [r]equest for a [h]earing of a [d]ecision in [n]aturalization [p]roceedings." Compl.
27 at 9, ECF No. 1. Plaintiff did not allege a certain result is compelled by law, nor does he request
28 any relief beyond the resolution of his N-336 application. *See generally id.* The April 28, 2014

1  determination the government has now provided is the relief he was requesting, and the only
2  relief available based on the complaint.  Thus, the court is not in a position to provide "any
3  effective relief."  *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th
4  Cir. 1988) (internal quotation omitted).
5      The motion is **granted** and the case is **dismissed with prejudice**.
6      This order resolves ECF No. 29.  The Clerk of Court is directed to **close** this case.
7      IT IS SO ORDERED.
8   DATED:  December 30, 2020.

                                                CHIEF UNITED STATES DISTRICT JUDGE